# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ISRAEL GARCIA-IBAR,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:14CV00155 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **UNITED STATES,** ) | By: James P. Jones |
| ) | United States District Judge |
| Respondent. ) | |

*Israel Garcia-Ibar, Pro Se Petitioner*.

The defendant, a federal inmate proceeding pro se, brings this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging that his attorney at his sentencing was ineffective for failing to argue for a lighter sentence based on the defendant's multiple illegal, but uncharged entries into the United States. After review of the record, I must summarily dismiss the defendant's petition without prejudice.[1]

I

Israel Garcia-Ibar pleaded guilty in 2012 in the United States District Court for the Northern District of Illinois to one count of illegal reentry. He states that he

---

[1] *See* Rules 1(b) & 4, Rules Governing Section 2254 Cases (authorizing dismissal of habeas petition where it plainly appears from face of petition that petitioner is not entitled to habeas relief).

expected to receive a sentence between 46 and 57 months of imprisonment. The district judge found, however, that his Base Offense Level under the U.S. Sentencing Guidelines Manual should be enhanced because he committed the instant offense within five years of three juvenile offenses and by two additional levels because he committed the offense while on probation. The court sentenced Garcia-Ibar to 82 months in prison. No appeal was filed.

Garcia-Ibar filed a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 in July 2013, claiming ineffective assistance of counsel and actual innocence. In December 2013, he sought, but was denied authorization to file a second or successive § 2255 motion. *See* 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h).

In his § 2241 petition, Garcia-Ibar states that he is challenging the trial court's "improper calculation of the United States Sentencing Guidelines to sentence [him] to a sentence higher than he should have received [sic]."[2] (Pet. 2.) He states that although he illegally reentered the United States in September 2005, he went back to Mexico within a few months, and then crossed and recrossed the border several more times before law enforcement apprehended him in 2010. Garcia-Ibar asserts that counsel was ineffective for failing to investigate and argue

---

[2] Because Garcia-Ibar is incarcerated at the United States Penitentiary in Lee County, Virginia, this court has personal jurisdiction over the warden of that facility, who is the proper respondent to Garcia-Ibar's § 2241 petition.

that because the 2010 reentry offense to which he pleaded guilty was not committed within five years from his juvenile offenses or while he was on probation, his Offense Level should not be increased. Garcia-Ibar asserts that because he is actually innocent of the sentence enhancements imposed on him, he should be resentenced under what he believes is the properly adjusted guideline range of 46 to 57 months in prison.

II

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." *Swain v. Pressley*, 430 U.S. 372, 381 (1977) (internal quotation marks and citation omitted). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." *See In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is

deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

Garcia-Ibar fails to demonstrate that the facts and legal precedent necessary for his current claim were available to him at the time he filed his § 2255 motion. Moreover, his § 2241 petition does not point to any recent change of substantive law by which his unlawful entry into the United States is no longer criminal conduct, and I am not aware of any such precedent or statutory amendment. Therefore, Garcia-Ibar fails to meet the *In re Jones* standard to show that § 2255 is inadequate or ineffective to test the legality of his conviction, his claims cannot be addressed under § 2241, and this petition must be dismissed.

III

Because Garcia-Ibar's claim is not appropriately raised under § 2241, I will summarily dismiss his petition.[3]

A separate Final Order will be entered herewith.

---

[3] I also find no merit to Garcia-Ibar's claim of ineffective assistance. Based on evidence of the defendant's multiple, uncharged illegal reentries, the court would have had grounds to departure upward substantially from the advisory guideline range. Therefore, Garcia-Ibar cannot demonstrate that counsel's omission of this evidence from the sentencing hearing was either deficient performance or prejudicial to his sentence. *See, e.g., United States v. Zuniga-Peralta*, 442 F.3d 345, 347-48 (5th Cir. 2006) (upholding a departure based, in part, on prior uncounted illegal reentries).

DATED: May 16, 2014

/s/ James P. Jones
United States District Judge